IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL LOUX, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 13-7185 |
| PHILADELPHIA DEPARTMENT OF CORRECTIONS, C/O WILSON, WARDEN LAWTON and MAJOR MIRANDA, | |
| Defendants. | |

## MEMORANDUM OPINION

**Schmehl, J.**   /s/ JLS                                       September  29, 2015

Before the Court is the Motion to Dismiss for Failure to State a Claim of Defendants, Warden William Lawton and Deputy Warden Edward Miranda (Docket No. 9). Plaintiff, Samuel Loux, in custody at the time he filed this action at the House of Corrections in Philadelphia, and presently in custody at SCI Mahonoy, alleges he was wrongfully strip searched at the House of Corrections, that his "sinuses are extremely congested" and that he is a "certified lead expert" which has enabled him to determine that the prison contains dangerous gases that are "extremely visible" to him. (Complaint, p. 3.)  Plaintiff also alleges that he was subjected to a strip search meant to "humiliate" him, and that C/O Wilson destroyed his property. (Compl., p. 3.) He claims that these actions all violate his constitutional rights and brings this action under 42 U.S.C. § 1983.

Plaintiff's motion to proceed *in forma pauperis* was granted on April 10, 2014. On October 23, the City, on behalf of Warden Lawton, and Deputy Warden Miranda, filed a Motion to Dismiss. Plaintiff has failed to respond to the motion.

I.   **BACKGROUND**

Plaintiff filed a handwritten Complaint setting forth claims against Warden William Lawton, Deputy Warden Miranda and the Philadelphia Department of Corrections.[1] Plaintiff alleges that while in custody within the Philadelphia Prison System he was wrongfully strip searched, his property was destroyed, and that the prison contains dangerous gases which are affecting his sinuses.

II.  **STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery

---

[1] Plaintiff's Complaint also names "C/O Wilson" as a defendant. The Complaint does not include a first name for Defendant Wilson, and the City of Philadelphia has not accepted service on behalf of this individual, because many individuals with the last name "Wilson" serve as correctional officers in the Philadelphia Prison System.

will reveal evidence of the necessary element." <u>Id.</u> at 234 (quoting <u>Twombly</u>, 550 U.S. at 556) (internal quotations omitted).

### III.     <u>**DISCUSSION**</u>

Section 1983 provides remedies for deprivations of rights established in the Constitution or by federal law. To state a claim under § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. <u>Kaucher v. County of Bucks</u>, 455 F.3d 418, 423 (3d Cir. 2006). If a plaintiff brings a suit against individual defendants, personal wrongdoing must be shown "through allegations of personal direction or of actual knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff must allege a defendant's personal involvement because a defendant cannot be held liable for a constitutional violation he did not participate in or approve. <u>Baraka v. McGreevey</u>, 481 F.3d 187, 210 (3d Cir. 2007).

In the instant matter, Plaintiff fails to allege that the individual Defendants had personal involvement in any of the actions which he claims give rise to this case. Further, liability under § 1983 cannot be premised on the theory of respondeat superior; rather, "each individual must have personal involvement in the alleged wrongdoing." <u>Phelps v. Flowers</u>, 514 F.App'x 100, 102 (3d Cir. 2013). Plaintiff names Warden Lawton and Deputy Warden Miranda as defendants, but fails to include any allegations that Lawton and/or Miranda were personally involved in the alleged deprivation of his constitutional rights.

Plaintiff also fails to state a claim for municipal liability against the City of Philadelphia because his complaint lacks any allegations regarding a municipal policy or

custom.[2] A municipality is only liable when the alleged constitutional violation involves "a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." Mulholland v. Gov't Cnty. of Berks, Pa., 706 F.3d 227, 237 (3d Cir. 2013) (Quoting Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). A policy is a, "…statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978). A custom is "[practice]…so permanent and well settled" that it is implemented, "with the force of law." Id. at 691. Here, Plaintiff makes no allegations concerning a specific policy or custom implemented by the City of Philadelphia, and instead limits his complaint to wrongs committed by individual correctional officers or the overall conditions of his confinement. A complaint containing no allegations concerning a municipal policy or custom cannot survive a motion to dismiss.

    If Plaintiff files an Amended Complaint with sufficient specificity as to C/O Wilson, a summons is to issue, and service of the summons and Amended Complaint shall be made upon C/O Wilson by the U.S. Marshal Service. Accordingly, Plaintiff's Complaint will be dismissed without prejudice.

---

[2] Plaintiff has also brought suit against Philadelphia Department of Corrections. However the Department of Corrections is not a legal entity, but a department of the City of Philadelphia and is therefore not subject to suit under §1983. See Burgos v. Philadelphia Prison Sys., 760 F. Supp. 2d 502, 504 (E.D. Pa. 2011); Jackson v. City of Erie Police Dep't, 570 F. App'x 112, 114 (3d Cir. 2014) (noting that a government sub-unit is not distinct from the municipality of which it is a part and therefore not a "person" against whom a §1983 suit may be lodged). Accordingly, the Department of Corrections is dismissed from this matter with prejudice.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint will be granted, and Plaintiff's Complaint will be dismissed without prejudice. Plaintiff shall file an amended complaint in thirty (30) days if he can do so in accordance with the Federal Rules of Civil Procedure.